IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STACEY VENEY,** *et al*. | * | |
| **Plaintiffs** | * | |
| v. | * | **CIVIL NO. JKB-13-2410** |
| **JOHN W. CLARKE, INC.,** *et al.* | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM</u>

Plaintiffs brought this suit seeking unpaid wages due to them under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401-3 to 3-431 (LexisNexis 2008 & Supp. 2013). Now pending before the Court is Plaintiffs' motion for conditional collective action certification and court-approved notice under FLSA § 216(b). (ECF No. 47.) The issues have been briefed (ECF Nos. 47, 55, 56), and no hearing is required, Local Rule 105.6. For the reasons set forth below, Plaintiffs' motion is GRANTED.

**I.     BACKGROUND**

The facts here are largely unchanged as recounted in ECF No. 36. In summary, Defendants are three trash and recyclables collection companies. Plaintiffs are current and former laborers who picked up trash and recyclables and threw them into Defendants' trucks. Plaintiffs filed this suit on August 16, 2013, seeking unpaid wages under both the FLSA and MWHL. (ECF No. 1.) On January 15, 2014, Plaintiffs filed their first motion for conditional collective action certification. (ECF No. 17.) The Court denied this motion without prejudice to

1

its refiling and reconsideration once the Court had addressed imminent dispositive motions. (ECF No. 24.)  Defendants filed a motion for summary judgment soon after (ECF No. 25), which the Court denied, (ECF No. 36.)

Since then, nine individuals filed notices of consent to become party plaintiffs, and all are now joined in this action.  (ECF Nos. 38-46.)  Plaintiffs filed this second motion for conditional certification on July 3, 2014.  (ECF No. 47.)  The motion is accompanied by affidavits from eleven plaintiffs attesting to their wage earnings as Defendants' employees, as well as to their belief that many potential plaintiffs are currently not included in this suit.  (ECF Nos. 47-3 to 47-13.)

## II.   LEGAL STANDARD AND ANALYSIS

Plaintiffs seek conditional certification under Section 216(b) of the FLSA.[1]  The Court has reviewed the affidavits presented by Plaintiffs, and finds that they have demonstrated that potential plaintiffs are sufficiently "similarly situated."  Thus, conditional collective action certification is appropriate.

"Determinations of whether conditional collective action certification and court-facilitated notice are appropriate are left to the court's discretion under a fairly lenient standard." *Parker v. StoneMor GP, LLC*, 2013 WL 3804842, at *1 (D. Md. 2013); *see also Mancia v. Mayflower Textile Servs. Co.*, 2008 WL 4735344, at *2 (D. Md. 2008) (noting that, unlike class certification under Fed. R. Civ. P. 23, "plaintiffs seeking collective action certification . . . need only make a relatively modest factual showing").  The FLSA expressly provides that such determinations depend on whether plaintiffs can factually show that potential class members are

---

[1] "An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

"similarly situated." 29 U.S.C. § 216(b); *see also Parker*, 2013 WL 3804842, at *1. "This showing often consists of demonstrating that potential claimants had been victimized by a common policy or scheme or plan that violated the law." *Parker*, 2013 WL 3804842, at *1. While bare, conclusory allegations in the complaint are not enough, "[p]laintiffs may rely on affidavits or other means, such as declarations or deposition testimony," to satisfy this legal standard. *Id.* at *2.

Here, Plaintiffs have provided far more than bare allegations. The Complaint does allege that Defendants regularly failed to pay employees the federal minimum wage for hours worked, and failed to pay overtime wages. (ECF No. 1 at 6-7.) In addition, though, Plaintiffs also rely on eleven declarations, attesting to facts that support the Complaint's allegations. (ECF Nos. 47-3 to 47-13.) Further, each declaration attests to being "aware of numerous persons, not currently included in this lawsuit as named or opt-in plaintiffs, that also work or worked as helpers for [Defendants], and routinely work or worked overtime hours, that did not receive overtime pay, and did not always receive the federal minimum wage." (*Id.*)

Plaintiffs' awareness of potential parties does not weaken their justification for conditional certification and court-approved notice. Rather, it supports a finding that such potential parties are similarly situated. Defendants provided names and addresses of past employees to Plaintiffs during discovery. (ECF No. 55 at 1.) Apparently, in their efforts to adhere to rules of professional conduct regarding solicitations of prospective clients, Plaintiffs' counsel has not yet used this list to contact any of the more than 100 potential collective action plaintiffs. (ECF No. 5-6.) In their motion, Plaintiffs seek court-facilitated notice before doing so. (*Id.*)

The claims made in Plaintiffs' Complaint (ECF No. 1) and Motion for Conditional Certification (ECF No. 47), supplemented by affidavits (ECF Nos. 47-3 to 47-13), satisfy Plaintiffs' modest evidentiary burden at this preliminary stage.

### III.   CONCLUSION

Accordingly, an order shall issue GRANTING Plaintiffs' motion for conditional collective action certification and court-approved notice.  (ECF No. 47.)

Dated this 3rd day of September, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge
